IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUNESHIA RAWLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Quneshia Rawls ("Rawls") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Convergent Outsourcing, Inc. (hereinafter "Defendant" or "Convergent"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Alabama common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Alabama state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge

COMPLAINT - 1

as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. OVERVIEW

1.1     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and class action pursuant to the laws of Alabama, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

1.2     Plaintiff and the Putative Class Members are those similarly situated persons who worked for Convergent either in call centers or from home, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

1.3     Specifically, Convergent has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees[1]—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

1.4     Convergent's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

1.5     Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6     Convergent knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

---

[1] Call-center employees means all hourly, non-exempt employees who performed their work for Convergent through a computer, handling customer phone calls, emails, and/or chat support at a Convergent call center or from home.

COMPLAINT - 2

1.7     Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

1.8     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under their respective Alabama state-law claim as a Rule 23 class action.

1.9     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

1.10    Plaintiff also prays that the respective Rule 23 class is certified as defined herein, and that Plaintiff Rawls be named as the Class Representative of the Alabama Common-Law Class.

## II.  PARTIES

2.1     Plaintiff Quneshia Rawls ("Rawls") was employed by Convergent in Montgomery, Alabama during the relevant time period. Plaintiff Rawls did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The FLSA Collective Members are those current and former hourly call-center employees who were employed by Convergent, anywhere in the United States, at any time from October 16, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

2.3     The Alabama Common-Law Class Members are those current and former hourly call-center employees who were employed by Convergent, in Alabama, at any time from October 16, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rawls worked and was paid.

---

[2] The written consent of Quneshia Rawls is hereby attached as Exhibit "A".

COMPLAINT - 3

2.4     Defendant Convergent Outsourcing, Inc. ("Convergent") is a Washington For-Profit Corporation, licensed to and doing business in the State of Washington, and may be served with process through its registered agent for service of process: **CT Corporation System, 711 Capitol Way S, STE 204, Olympia, Washington, 98501**.

### III.  JURISDICTION AND VENUE

3.1     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

3.2     This Court has supplemental jurisdiction over the additional Alabama state-law claim pursuant to 28 U.S.C. § 1367.

3.3     This Court has personal jurisdiction over Convergent because Convergent is a Washington corporation and the cause of action arose within this District as a result of Convergent's conduct within this District and Division.

3.4     Venue is proper in the Western District of Washington because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.5     Specifically, Convergent's corporate headquarters are located in Seattle, Washington, which is located in this District and Division.

3.6     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.  ADDITIONAL FACTS

4.1     Convergent is a global customer engagement and contact center that provides customer services, technical support services, and sales and marketing support to its business clients.[3]

4.2     To assist its clients, Convergent employs thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist Convergent's customers and clients.

4.3     Plaintiff and Putative Class Members worked for (and continue to work for)

---

[3] http://convergentbpo.com/who-we-are/

COMPLAINT - 4

Convergent either in call centers owned and operated by Convergent or remotely from home throughout the United States.

4.4 Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Convergent's customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

4.5 Plaintiff Rawls was employed by Convergent in customer service in Montgomery, Alabama from approximately August 2015 until April 2020.

4.6 Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

4.7 Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

4.8 In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked twenty (20) minutes, and up to two (2) hours, "off-the-clock" per week and have not been compensated for that time.

*Unpaid Start-Up Time*

4.9 Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Convergent as a result of Convergent's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

4.10 Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails/alerts, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

4.11 If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

4.12 If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

4.13 Therefore, the only way a Putative Class Member can be ready on time, and avoid

COMPLAINT - 5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

discipline, is to prepare the computer "off-the-clock" and without pay.

4.14   During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Work During Meal Period Breaks*

4.15   Convergent provides Plaintiff and the Putative Class Members with one unpaid thirty-minute meal break each day.

4.16   However, Convergent requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal breaks.

4.17   Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an "aux mode" and then log off of their computer prior to leaving their desk for their meal break.

4.18   Plaintiff and the Putative Class Members were required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break ended.

4.19   The log off process used prior to taking a meal break took (and continues to take) anywhere from one to three minutes each day.

4.20   The log in process used after returning from a meal break took (and continues to take) take anywhere from another one to three minutes each day.

4.21   This lengthy log off and log in procedure had to be performed during Plaintiff's and the Putative Class Members' meal break pursuant to Convergent's policy.

### *Unpaid Technical Downtime*

4.22   Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them or perform extensive troubleshooting, which took anywhere from ten (10) minutes to several hours each time.

4.23   According to Convergent's policy, Plaintiff and the Putative Class Members were to clock out and continue troubleshooting until they could bring their system back online and

COMPLAINT - 6

begin making phone calls, at which point they could clock back in.

4.24    Plaintiff and the Putative Class Members were not compensated for the time they worked for Convergent rebooting and/or troubleshooting Convergent's computers after they crashed or experienced other technical difficulties.

*Unpaid Rest Breaks Lasting Twenty Minutes or Less*

4.25    In addition, Convergent also enforced a uniform company-wide policy wherein it improperly required Plaintiff and the Putative Class Members to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; see also *Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

4.26    Convergent permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside of the two fifteen-minute breaks.

4.27    Additionally, if Plaintiff or the Putative Class Members exceeded their fifteen-minute breaks, supervisors would clock them out.

4.28    As a result of Convergent's corporate policies and practices requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

4.29    Convergent has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

4.30    Convergent is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

4.31    Because Convergent did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Convergent's pay policies and practices willfully violate the FLSA.

COMPLAINT - 7

4.32    Because Convergent did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, Convergent's pay policies and practices also violate the state laws of Alabama.

## V.  CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

5.1    Paragraphs 1.1–4.32 are fully incorporated herein.

A.    **FLSA COVERAGE**

5.2    The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CONVERGENT OUTSOURCING, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 16, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

5.3    At all times hereinafter mentioned, Convergent has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.4    At all times hereinafter mentioned, Convergent has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.5    At all times hereinafter mentioned, Convergent has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

5.6    Convergent employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate

COMPLAINT - 8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

commerce for the purposes of the FLSA.

5.7   In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

5.8   Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Convergent who assisted Convergent's customers who live throughout the United States. 29 U.S.C. § 203(j).

5.9   At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

5.10   In violating the FLSA, Convergent acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

5.11   The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

5.12   The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Convergent.

**B.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

5.13   Convergent violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

5.14   Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Convergent's acts or omissions as described herein; though Convergent is in possession and control of the necessary documents and information from which Plaintiff would be able to precisely calculate damages.

COMPLAINT - 9

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.15 Moreover, Convergent knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

5.16 Convergent knew or should have known its pay practices were in violation of the FLSA.

5.17 Convergent is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

5.18 Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Convergent to pay them in accordance with the law.

5.19 The decision and practice by Convergent to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

5.20 Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **FLSA COLLECTIVE ACTION ALLEGATIONS**

5.21 All previous paragraphs are incorporated as though fully set forth herein.

5.22 Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Convergent employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

5.23 Other similarly situated employees of Convergent have been victimized by Convergent's patterns, practices, and policies, which are in willful violation of the FLSA.

5.24 The FLSA Collective is defined in Paragraph 54.

5.25 Convergent's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of

COMPLAINT - 10

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Convergent, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

5.26   Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

5.27   The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

5.28   All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

5.29   Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.30   Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Convergent will retain the proceeds of its systematic violations.

5.31   Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

5.32   Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 54 and notice should be promptly sent to putative class members.

**COUNT TWO**
**(Class Action Alleging Violations of Alabama Common Law)**

A.   VIOLATIONS OF ALABAMA COMMON LAW

5.33   Paragraphs 1.1 through 5.32 are fully incorporated herein.

5.34   Plaintiff Rawls further brings this action pursuant to the Alabama common law equitable theory of *quantum meruit*. *See Cooley v. HMR of Alabama, Inc.*, 259 F. Supp. 3d 1312,

COMPLAINT - 11

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1317 (N.D. Ala. 2017).

5.35   The Alabama Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CONVERGENT OUTSOURCING, INC., ANYWHERE IN THE STATE OF ALABAMA, AT ANY TIME FROM OCTOBER 16, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Alabama Class Members").**

5.36   Plaintiff Rawls and the Alabama Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Convergent.

5.37   These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

5.38   The Alabama Class Members provided valuable services for Convergent, at Convergent's direction and with Convergent's acquiescence.

5.39   Convergent accepted the Alabama Class Members' services and benefited from their timely dedication to Convergent's policies and adherence to Convergent's schedule.

5.40   Convergent was aware that Plaintiff Rawls and the Alabama Class Members expected to be compensated for the services they provided to Convergent.

5.41   Convergent has therefore benefited from services rendered by Plaintiff Rawls and the Alabama Class Members and Plaintiff and the Alabama Class Members are entitled to recovery pursuant to the equitable theory of *quantum meruit*.

5.42   Convergent has therefore benefited from services rendered by Plaintiff Rawls and the Alabama Class Members and it is inequitable for Convergent to retain the benefit of Plaintiff Rawls and the Alabama Class Members' services without paying fair value for them.

**B.   CLASS ACTION ALLEGATIONS**

5.43   Plaintiff Rawls and the Alabama Class Members bring their Alabama Claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Convergent who worked in Alabama at any time from October 16, 2018 through the present. *See* Ala. Code § 6-2-38(m).

COMPLAINT - 12

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.44    Class action treatment of Plaintiff Rawls and the Alabama Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

5.45    The number of Alabama Class Members is so numerous that joinder of all class members is impracticable.

5.46    Plaintiff Rawls' claims share common questions of law and fact with the claims of the other class members.

5.47    Plaintiff Rawls is a member of the Alabama Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

5.48    Plaintiff Rawls and her counsel will fairly and adequately represent the class members and their interests.

5.49    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

5.50    Accordingly, the Alabama Class should be certified as defined in Paragraph 87.

## VI.   RELIEF SOUGHT

6.1    Plaintiff respectfully prays for judgment against Convergent as follows:

   a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 54 and requiring Convergent to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b.    For an Order certifying the Alabama Common-Law Class as defined in Paragraph 87, and designating Plaintiff Rawls as Class Representative of the Alabama Common-Law Class;

   c.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

COMPLAINT - 13

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

d. For an Order pursuant to Section 16(b) of the FLSA finding Convergent liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order pursuant to Alabama Common Law awarding Plaintiff Rawls and the Alabama Class Members unpaid straight time wages and other damages allowed by law;

f. For an Order awarding the costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Rawls a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Convergent, at Convergent's own expense;

k. For an Order providing for injunctive relief prohibiting Convergent from engaging in future violations of the FLSA and Alabama state law, and requiring Convergent to comply with such laws going forward; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 16th day of October 2020.

FRANK FREED SUBIT & THOMAS LLP

By:  /s/ Michael C. Subit
     Michael C. Subit, WSBA # 29189

     /s/ Marc C. Cote
     Marc C. Cote, WSBA # 39824
     705 Second Avenue, Suite 1200
     Seattle, WA 98104
     Telephone: (206) 682-6711
     Email: msubit@frankfreed.com
            mcote@frankfreed.com

COMPLAINT - 14

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

ANDERSON ALEXANDER, PLLC

By: Clif Alexander *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
Austin Anderson *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
819 N. Upper Broadway
Corpus Christi, TX 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
Email: clif@a2xlaw.com
austin@a2xlaw.com

*Attorneys for Plaintiff and Putative Class Members*

COMPLAINT - 15

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711